PRICE, Judge.
Prentice H. Holloway has appealed the judgment of the trial court rejecting his demands for damages for personal injuries and related losses and expenses resulting from a collision of his motorcycle with a tractor-trailer on July 8, 1972. On this date plaintiff and a companion, James Weston, were riding their cycles westerly on the Roy Road in Caddo Parish just north of Shreveport. Plaintiff, who was in the lead, collided with the right front bumper of a tractor-trailer unit engaged in making a right turn into a private drive leading off the Roy Road. Plaintiff was thrown off his cycle into a ditch, causing him serious injury to his left leg.
Suit was filed against the owner of the tractor-trailer, Pharr Bros., Inc., and its employee driver, James Harley Pate.
Plaintiff contends the accident resulted from the negligence of Pate in pulling his vehicular unit into the left lane of the blacktop roadway and thereafter suddenly beginning a right turn from the left lane without giving any warning signal to following motorists. Plaintiff also contends he was confronted with the tractor-trailer blocking both lanes of the two lane road immediately after rounding a curve and not having sufficient time to stop, he attempted to pass to the right of the vehicle on the shoulder of the road when he was struck by the front bumper.
Defendants contend the accident was solely caused by the negligence of plaintiff in driving at an excessive speed, not maintaining a proper lookout and control over his vehicle, and attempting to pass on the *662 right-hand side in violation of the Highway Regulatory Act.
The issues involved are purely factual and involve the resolution of the question of whether the cause of the accident was an improper turn on the part of the truck driver, Pate, or the carelessness of plaintiff in failing to notice the turning truck timely and taking reasonable precautions for his own safety.
The trial judge gave written reasons for judgment in which he carefully evaluated the evidence and concluded the accident was caused solely by the negligence of plaintiff in either failing to heed a proper lookout or in driving at an excessive speed under the circumstances. We find that the evidence sustains this finding of the trial court.
In addition to the driver, Pate, a fellow driver, Jerry Weaver, and the President of Pharr Bros., Inc., O. E. Pharr, witnessed the accident and corroborated Pate’s testimony that his tractor-trailer was not in the left lane prior to the collision.
The testimony was further corroborated by deputy sheriff Ronald O. Strother who arrived on the scene within minutes after the accident and concluded from his investigation the front wheels of the tractor were turned toward the private drive and were just off the asphalt with the left wheels of the trailer near the center line, but not across in the other lane when the accident happened.
Pharr testified he directed traffic around the truck in the left lane immediately following the accident. He was corroborated by Deputy Strother that there was ample room for a vehicle to pass the truck in that lane.
It was also established by these witnesses’ testimony that the right turn indicator of the tractor was still flashing after the collision.
We find the evidence to preponderate that the tractor-trailer did not encroach into the left lane to any appreciable extent prior to beginning its turn into the private drive. The photographs and other evidence show the intersection of the private drive is a sufficient distance from the apex of the curve to the east from which plaintiff was approaching to have given him ample observation of the right turning vehicle to have allowed him to have stopped or passed the truck in the left lane had his cycle been under proper control.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.